IVAN K. MATHEW (SBN 011610)
SUSAN TURNER MATHEW (SBN 012916)
**MATHEW & ASSOCIATES**
6245 N. 24th Parkway, Suite 207
Phoenix, Arizona 85016
Telephone: (602) 254-8088
ikmathew@mathewlaw.com
satmathew@mathewlaw.com

Attorneys for Defendant *James Norton*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES FRANKLIN NORTON, *et al.*,<br><br>Defendants. | No. CR-17-00713-PHX-JJT (JZB)<br><br>**DEFENDANT JAMES NORTON'S MOTION TO STRIKE SURPLUSAGE FROM INDICTMENT**<br><br>*(Oral Argument Requested)*<br><br>*(Assigned to the Hon. John J. Tuchi)* |

Defendant, James Norton, represented by Ivan K. Mathew, moves this Court pursuant to Rules of Federal Criminal Procedure, Rule 7(d) to strike from the Indictment prejudicial allegations unrelated to the charged crimes. The specific Indictment provisions subject to this Motion are identified in the following Memorandum of Points and Authorities.

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

A. <u>The Court May Strike Prejudicial and Inflammatory Statements from the Indictment</u>

The Federal Rules of Criminal Procedure provide that an "indictment...must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). When an indictment fails to meet the standard set in Rule 7(c), "[u]pon the defendant's motion, the court may strike surplusage from the indictment. . . ." *Id.* Rule 7(d).

Motions to strike surplusage are designed to protect a defendant against prejudicial or inflammatory allegations that are neither relevant nor material to the charge." *United States v. Terrigno*, 838 F.2d 371, 373 (9th Cir. 1988), citing *United States v. Ramirez*, 710 F.2d 535, 544-45 (9th Cir. 1983), *overruled on other grounds United States v. Doe,* 705, F.3d. 1134, 1146 (9th Circuit 2013).  In 2014, the Ninth Circuit emphatically repeated its definition of surplusage: "We have repeatedly held that language that describes elements beyond what is required under statute is surplusage," *United States v. Renzi,* 769 F.3d 731, 756 (9th Cir. 2014).

Federal Rules of Criminal Procedure Rules 7(c) and (d) are designed to preclude extraneous, prejudicial and inflammatory assertions. An indictment which fails to meet the command of Rule 7(c) runs the risk of "improperly placing before the jury extrinsic material the jury should not consider." *U.S. v. Klein,* 93 F.3d 698, 703 (10th Cir. 1996). "[W]hen the unredacted information relates to prejudicial unproven facts . . . the risk of biasing the jury is great enough to require redaction." *Id.* (citing *United States v. England,* 966 F.2d 403, 408 (8th Cir.), *cert. denied*, 506 U.S. 1025, 113 S. Ct. 668 (1992); *United States v. Williams*, 809 F.2d 75, 81 (1st Cir. 1986), *cert. denied,* 481 U.S. 1030, 107 S. Ct. 1959 (1987)).

For example, allegations of "misappropriation" of funds held "in trust" are unnecessary to prove mail or wire fraud, making that language surplusage. *Renzi*, 769 F.3d at 757. An unlawful act included in an Indictment as part of a scheme to defraud, but not charged as a separate crime, constitutes *prejudicial surplusage* that must be stricken pursuant to Federal Rule of Criminal Procedure Rule 7(d). *United States v. Saporta*, 270 F.Supp. 183, 186 (E.D.N.Y. 1967) (emphasis added). The court in *Saporta* held that an indictment allegation concerning an unlawful pledge of stock included as part of the scheme to defraud but not charged separately as a crime, was "not only surplusage but … also highly prejudicial" and "must be stricken." *Id.* 270 F.Supp. at 186. Furthermore, allegations of a defendant's past difficulties with government agencies that have no relevance to the crimes with which he is charged are unfairly prejudicial and must be stricken. *United States v. Cooper*, 384 F.Supp.2d 958, 959-960 (W.D.Va.2005). Finally, indictment allegations with some probative value that may be "relevant to telling the entire story," but are highly prejudicial to defendant, should be stricken as surplusage. *United States v. Martin*, 2009 U.S. Dist. Lexis 22870 *14 (C.D. CA 2009). Improperly including inflammatory and prejudicial allegations in an indictment are "further evidence the dangers inherent in the government pleading and presenting arguments on so called 'narrative accounts'." *United States v. Rush*, 807 F.Supp. 1263, 1265-66 (E.D. LA 1992).

Striking indictment surplusage narrows the indictment by eliminating unnecessary text, which is a permissible alteration. *United States v. Marshall*, 2015 U.S. App. Lexis 6604 *680, 2015 WL 1787603 (9th Cir. 2015).

B.  <u>Surplusage Indictment Allegations</u>

Defendant Norton requests this Court to strike the following allegations (delineated

3

by "strike-through" font) from the Indictment (Doc. 1) as prejudicial surplusage:

1. Indictment paragraph 8 should be stricken in its entirety. The statements have nothing to do with the elements of the crimes charged, the statements are prejudicial, and the event is time-barred by the Statute of Limitations. The Indictment was filed on May 23, 2017. The Statute of Limitations bar is five years. 18 U.S.C. §3282. As such, acts prior to May 23, 2012 are subject to the Statute of Limitations. Furthermore, the Arizona Residential Utility Consumer Office (RUCO), a consumer biased agency, position has no place in the Indictment. Likewise, the Arizona's Commission Corporation Staff's opinion has no place in the Indictment.

> ~~8. On August 24, 2010, all five ACC Commissioners, including defendant. GARY LEONARD PIERCE, considered whether defendant GEORGE HARRY JOHNSON, as the owner of Johnson Utilities, LLC, should have his personal income tax expenses reimbursed, and paid for, by payments made by the Utility's customers, and whether to increase the Utility's wastewater division's revenues through a rate base increase. Defendant GARY LEONARD PIERCE, and the other four Commissioners, rejected these proposals. With respect to the recovery of personal income taxes, the five ACC Commissioners agreed with Arizona's Residential Utility Consumer Office and ACC Staff in finding that, "As we determined in Decision No. 71445 (December 23, 2009), it is not appropriate or in the public interest to allow pass through entities such as the Company to recover personal income tax expenses through rates. The Company's request is not reasonable and will be denied." With respect to the requested rate base increase, the five ACC Commissioners noted in their decision that, "The fair value of the~~

~~Company's wastewater division rate base is $136,562, and therefore a rate of return analysis is not reasonable. Authorizing an operating margin of 3 percent produces rates and charges that are just and reasonable." Johnson Utilities, LLC, had proposed a fair value rate base of $17,479,735. See ACC Decision No. 71854, Docket No. WS-02987A-08-0180, dated August 25, 2010.~~

2. Indictment paragraph 9 should be stricken in its entirety. The statements have nothing to do with the elements of the crimes charged, the statements are prejudicial, and the event is time-barred by the Statute of Limitations of five years. The reference to a dissenting Commissioner's vote is prejudicial and inflammatory.

~~9. In an ACC Open Meeting on September 6, 2011, defendant GARY LEONARD PIERCE voted to increase the fair value of the wastewater division rate base for Johnson Utilities, LLC, from $136,562 to $18,244,755, thereby increasing the Utility's revenues, and to "Include explicit language for Johnson Utilities to request income tax expense prospectively in a future A.R.S. § 40-252 Petition if the Commission changes its policy on imputed income tax expense." Two Commissioners voted with defendant GARY LEONARD PIERCE, one Commissioner abstained from the vote and one Commissioner dissented. In the dissent, the Commissioner stated, "With no additional evidence or an amended recommended opinion and order presented to the Commissioners, there was nothing new to persuade me that we erred in Decision No. 71854. Given the lack of new evidence or information, I do not believe that the record supports the vote to amend Decision No. 71854 and the resulting increases in rates for Johnson~~

~~Utilities' customers." See ACC Decision No. 72579, Amending Decision No. 71854, Docket No. WS-02987A-08-0180, docketed on September 15, 2011.~~

3. Indictment paragraph 11 should be stricken in its entirety. The statements have nothing to do with the elements of the crimes charged and the statements are prejudicial. Likewise, the Arizona's Commission Corporation Staff's opinion has no place in the Indictment.

> ~~11. On June 27, 2012, ACC Staff stated, "Staff recommends continuation of the Commission practice to not recognize income taxes as a component of the cost of service when utility services are rendered by an entity classified as an S-Corp or certain LLCs." See Staff Report — In the Matter of the Arizona Corporation Commission — Generic Investigation (Docket No. W-00000C-06-0149), and an attached Supplemental Staff Report, both dated June 27, 2012.~~

4. Indictment paragraph 12 should be stricken in its entirety. The statements have nothing to do with the elements of the crimes charged and the statements are prejudicial. The reference to a dissenting Commissioner's vote is prejudicial and inflammatory.

> ~~12. On February 12, 2013, defendant GARY LEONARD PIERCE, along with three commissioners, voted to allow the recovery of personal income taxes by pass-through public service corporations (such as Johnson Utilities, LLC). One Commissioner dissented and stated, "Asking rate payers to pay personal income taxes for shareholders of utilities organized as subchapter "S" corporations or limited liability corporations (LLCs) (aka "pass-through entities") is neither justifiable nor good public policy. Personal income taxes are not a utility expense." See ACC Decision No. 73739, Docket No. W-00000C-06-0149,~~

~~docketed on February 22, 2013.~~

5. Indictment paragraph 16 language should be stricken as indicated. The statements have nothing to do with the elements of the crimes charged, and the statements are prejudicial. The stricken portion is time-barred.

> 16. During the period of the conspiracy, defendants GARY LEONARD PIERCE and SHERRY ANN PIERCE fraudulently and unlawfully received $31,500.00 from defendant GEORGE HARRY JOHNSON, through defendant JAMES FRANKLIN NORTON, in exchange for defendant GARY LEONARD PIERCE' s favorable and unlawful official actions on matters before the ACC, including Decision Number 72579, in ACC, Docket Number WS-02987A-08-0180, ~~which added back into a rate base a wastewater division plant of $18,244,755 which was previously disallowed, and the docketing of a proposed policy change in ACC, Docket Number W-00000C-06-0149, which lead to the ACC permitting utilities organized as subchapter S corporations and limited liability companies a.k.a. LLCs and pass-through entities) to charge their ratepayers for the utility owner's personal income taxes.~~

6. Indictment paragraph 17 language should be stricken as indicated. The government's Unindicted Co-Conspirator, Kelly Norton, stated that she did not agree to purchase land with anyone, therefor no conspiracy exists. Indeed there was no agreement as to arguable *quid pro quo. See McDonnell v. United States* 579, U.S.____, 136, S. Ct. 2355, 2371 (2016). The statements are prejudicial, and the allegations encompass dates time-barred by the Statute of Limitations.

> 17. In order to accomplish the payment of money and property to defendant GARY LEONARD PIERCE, ~~defendant JAMES FRANKLIN NORTON agreed to act as a~~

7

~~conduit between defendants GEORGE HARRY JOHNSON and GARY LEONARD PIERCE, and in so doing was offered the opportunity to purchase land valued at approximately $350,000 for defendant GARY LEONARD PIERCE,~~ and caused an unindicted coconspirator to act as a consultant for defendant GEORGE HARRY JOHNSON for approximately $6,000 per month plus expenses, and hire defendant SHERRY ANN PIERCE and pay her approximately $3,500 per month during the period of from in or about November 2011 through in or about August 2012. The purpose of this consulting arrangement was to conceal the direct payment of funds by defendant GEORGE HARRY JOHNSON to defendant GARY LEONARD PIERCE.

7. Indictment paragraph 20 should be stricken in its entirety. The statements have nothing to do with the elements of the crimes charged, the statements are prejudicial, and the allegations encompass dates time-barred by the Statute of Limitations.

~~20. On or about August 4, 2011, defendant GARY LEONARD PIERCE mailed and docketed a letter to parties requesting proposed amendments to aid in the ACC's consideration of a Petition to amend ACC Decision Number 71854, which related to an increase in water and wastewater rates for customers of Johnson Utilities, LLC.~~

8. Indictment paragraph 21 should be stricken in its entirety. The statements have nothing to do with the elements of the crimes charged, the statements are prejudicial, and the allegations encompass dates time-barred by the Statute of Limitations.

~~21. On or about August 9, 2011, defendant GEORGE HARRY JOHNSON and Johnsons Utilities, LLC, filed a proposed amendment modifying ACC Decision~~

8

~~Number 71854 concerning relief related to an increase in water and wastewater rates for customers of Johnson Utilities, LLC and other matters favorable to defendant GEORGE HARRY JOHNSON.~~

9. Indictment paragraph 22 should be stricken in its entirety. The statements have nothing to do with the elements of the crimes charged, the statements are prejudicial, and the allegations encompass dates time-barred by the Statute of Limitations.

~~22. On or about August 11, 2011, defendant GARY LEONARD PIERCE introduced and docketed an Amendment, titled "Pierce Proposed Amendment #1," for ACC Docket Number WS-02987A-08-0180, in support of Johnson Utilities, LLC, Agenda for discussion and consideration at the ACC Open Meeting on August 11, 2011.~~

10. Indictment paragraph 23 should be stricken in its entirety. The statements have nothing to do with the elements of the crimes charged, the statements are prejudicial, and the allegations encompass dates time-barred by the Statute of Limitations.

~~23. On or about August 11, 2011, during a meeting of the ACC, defendant GARY LEONARD PIERCE voted to direct ACC staff to prepare and docket an order incorporating the requested modifications outlined in his "Pierce Proposed Amendment #1," including "The inclusion of language permitting the Company to request income tax expense prospectively in a future A.R.S. § 40-252 Petition if the ACC changes its policy relating to imputed income tax expense," for ACC Docket Number WS-02987A-08-0180, for consideration at the ACC's September 2011 Open Meeting.~~

11. Indictment paragraph 24 should be stricken in its entirety. The statements have

nothing to do with the elements of the crimes charged, the statements are prejudicial, and the allegations encompass dates time-barred by the Statute of Limitations.

> 24. 57On or about September 6, 2011, at the ACC's September Open Meeting, defendant GARY LEONARD PIERCE called for a vote, and voted to accept, Johnson Utilities, LLC's, petition to amend ACC Decision Number 71854. In so doing, defendant GARY LEONARD PIERCE voted to authorize a rate increase for water and wastewater rates for customers of Johnson Utilities, LLC, in Pinal County, Arizona. The vote passed the ACC by a three to two vote. Resulting ACC Decision Number 72579 included modifications, contrary to the recommendations of the ACC's staff, which defendant GEORGE HARRY JOHNSON had requested, including adding into the rate base for Johnson Utilities, Inc., $18,244,755, which was previously disallowed, specifically $10,892,391 for wastewater plant cost and $7,352,364 related to affiliated profit. In the same proceeding and vote, defendant GARY LEONARD PIERCE voted to pass a provision which permitted defendant GEORGE HARRY JOHNSON's company to request personal income tax expense prospectively in a future A.R.S. § 40-252 Petition if the ACC changed its policy relating to imputed personal income tax expense.

12. Indictment paragraph 57 language should be stricken as indicated. The allegations encompass dates time-barred by the Statute of Limitations. In addition, it references a non-existent conspiracy.

> 57. From in or about August 2011 to in or about February 2013, in the District of Arizona and elsewhere, defendant GARY LEONARD PIERCE, being an agent of the ACC, a political subdivision within the State of Arizona, which received

10

benefits of $10,000 in the one-year period from in or about January 2011 to in or about December 2011, and received benefits of $10,000 in the one-year period from in or about January 2012 to in or about December 2012, from federal programs involving a grant, contract, subsidy, loan, guarantee, insurance and other forms of federal assistance, did corruptly solicit, demand, accept, and agree to accept something of value intending to be influenced and rewarded in connection with the business, transaction, and series of transactions of such state government involving something of value of $5,000 or more: namely, defendant GARY LEONARD PIERCE, knowingly and willfully, solicited, accepted and agreed to accept money, ultimately totaling $31,500, ~~and solicited real property valued at approximately $350,000, from defendant JAMES FRANKLIN NORTON, a retained lobbyist for Johnson Utilities, LLC, intending to be influenced and rewarded in connection with matters Johnson Utilities, LLC, had pending before the~~ ACC, including allowing defendant GEORGE HARRY JOHNSON's personal income tax expenses to be reimbursed, and paid for, by payments made by the Utility's customers, ~~and allowing a significant increase in Johnson Utilities, LLC's wastewater division's revenues through a rate base increase~~, and defendants GEORGE HARRY JOHNSON, JAMES FRANKLIN NORTON and SHERRY ANN PIERCE did knowingly and intentionally aid the commission of the offense by routing payments and acting as a conduit of the money to defendant GARY FRANKLIN PIERCE in order to hide the true nature and purpose of the payment of the money.

All in violation of Title 18, United States Code, Sections 666(a)(1)(B).

13. Indictment paragraph 59 language should be stricken as indicated. The

allegations encompass dates time-barred by the Statute of Limitations.

59. From in or about ~~August 2011~~ to in or about February 2013, in the District of Arizona and elsewhere, defendants GARY LEONARD PIERCE, GEORGE HARRY JOHNSON, JAMES FRANKLIN NORTON and SHERRY ANN PIERCE knowingly devised, intended to devise and participated in, a scheme and artifice to defraud and deprive the ACC, the customers of Johnson Utilities, LLC, and the citizens of the State of Arizona of their right to the honest services of elected members of the ACC through concealment of material information and bribery in exchange for defendant GARY LEONARD PIERCE's material official actions.

14. Indictment paragraph 62 language should be stricken as indicated. The allegations encompass dates time-barred by the Statute of Limitations.

62. From in or about ~~August 2011~~ to in or about February 2013, in the District of Arizona and elsewhere, defendants GARY LEONARD PIERCE, GEORGE HARRY JOHNSON, JAMES FRANKLIN NORTON and SHERRY ANN PIERCE knowingly devised, intended to devise and participated in, a scheme and artifice to defraud and deprive the ACC, the customers of Johnson Utilities, LLC, and the citizens of the State of Arizona of their right to the honest services of elected members of the through concealment of material information and bribery in exchange for defendant GARY LEONARD PIERCE's material official actions.

C. The E-Mail for A Non-Existent Transaction

Indictment Paragraphs 16 (above), 17, 35-36 (below) should be stricken. They fall outside the Statute of Limitations, and do not have to do with a conspiracy for activity pertaining to the Arizona Corporation Commission. Indictment ¶¶ 17, 35-36.

1. Indictment paragraph 17 language should be stricken as indicated as it references a different conspiracy.

17. In order to accomplish the payment of money and to defendant GARY LEONARD PIERCE, defendant JAMES FRANKLIN NORTON agreed to act as a conduit between defendants GEORGE HARRY JOHNSON and GARY LEONARD PIERCE, ~~and in so doing was *offered* the opportunity to purchase land valued at approximately $350,000 for defendant GARY LEONARD PIERCE, and~~ caused an unindicted coconspirator to act as a consultant for defendant GEORGE HARRY JOHNSON for approximately $6,000 per month plus expenses, and hire defendant SHERRY ANN PIERCE and pay her approximately $3,500 per month during the period of from in or about November 2011 through in or about August 2012. The purpose of this consulting arrangement was to conceal the direct payment of funds by defendant GEORGE HARRY JOHNSON to defendant GARY LEONARD PIERCE. (Emphasis Added)

2. Indictment paragraph 35 should be stricken in its entirety as it references any conspiracy.

~~35. On or about December 27, 2011, defendant GARY LEONARD PIERCE sent an email to the unindicted coconspirator regarding the *possible purchase* of land valued at approximately $350,000 by defendants GARY LEONARD PIERCE and JAMES FRANKLIN NORTON. In the email defendant GARY LEONARD PIERCE states, "Please pass on to Jim." The funds for the purchase were to be provided by defendant GEORGE HARRY JOHNSON.~~ (Emphasis Added)

3. Indictment paragraph 36 should be stricken in its entirety as it references a different conspiracy.

> ~~36. On or about December 29, 2011, defendant GARY LEONARD PIERCE sent an email to defendant JAMES FRANKLIN NORTON regarding the~~ ***possible purchase*** ~~of land by defendants GARY LEONARD PIERCE and JAMES FRANKLIN NORTON with an opening offer to purchase of $300,000. The email included a "Letter of Intent to Purchase" dated December 29, 2011, which listed defendants GARY LEONARD PIERCE and JAMES FRANKLIN NORTON as purchasers. In addition, in the email, defendant GARY LEONARD PIERCE advised defendant JAMES FRANKLIN NORTON that he would advise the real estate agent to take his name off the letter of intent so that defendant JAMES FRANKLIN NORTON "will be the buyer." The funds for the purchase were to be provided by defendant GEORGE HARRY JOHNSON.~~ (Emphasis Added)

The government has not alleged that the Unindicted Co-Conspirator, Kelly Norton, entered into an agreement with anyone to purchase land. Indeed, the Unindicted Co-Conspirator, Kelly Norton, states that she was never part of a plan to purchase any land. As Kelly Norton did not agree with anyone to purchase any land, she cannot be an Unindicted Co-Conspirator to this conspiracy. Thus the land e-mail is for a different conspiracy if any[1]. These allegations are insufficient to support an element of a crime, they are highly

---

[1] The crux of a conspiracy is an agreement to commit an illegal act. *Callanan v. United States,* U.S. 587, 593, 81 S. Ct. 321, (1961). Here there was an offer, (Indictment paragraph 17) but no acceptance by anyone. The transaction is phrased as "possible purchase" (Indictment paragraphs 35 and 36). Without an agreement there is no conspiracy. Alternatively, duplicitous indictments are not permitted. (*See* page 14).

prejudicial and inflammatory surplusage and they should be stricken in their entirety. As such paragraphs 17, 35, and 36 pertaining to the Mesa email are surplusage and prejudicial and should be stricken in their entirety.

The Indictment fails to adhere to Constitutional standards as well as Rule 7(c). Including extraneous transactions violates Defendants' Fifth and Sixth Amendments right to know what offense they are charged with and violates their protection against a unanimous verdict based upon the theory presented to the Grand Jury. *United States v. Aguilar*, 756 F.2d 1418, n.2 (9th Cir. 1985); *see United States v. Gordon*, 844 F.2d, 1397, 1400 (9th Cir. 1988) (defendants have a right "to a unanimous jury verdict"). Including extraneous surplusage risks prejudicial evidentiary rulings. *See United States v. Uco Oil Co.,* 546 F.2d, 833, 835 (9th Cir. 1976) (Duplicitous counts "give rise to problems regarding the admissibility of evidence, including its admissibility against one or more codefendants.").

## **CONCLUSION**

It is respectfully requested that this Court grant Defendant Norton's Motion to Strike Surplusage from the Indictment. The Indictment contains assertions that are inflammatory and prejudicial to Defendants, as well as a host of assertions time-barred by the Statue of Limitations. The potential harm and prejudice to Defendants is great pursuant to Rule 7(d).

Accordingly, the following Indictment paragraphs should be stricken in their entirety: 8, 9, 11, 12, 20-24, and 35-36. The following Indictment paragraphs should be stricken in part, as to time-barred assertions: 16, 17, 57, 59, and 62. Paragraphs 16, 17, 35-35, and 57 should be stricken as they do not reference a conspiracy or, if they do, *arguendo*, it is a different alleged conspiracy than paying monies to Sherry Pierce. Finally, references to "August 2011" should be stricken from Indictment paragraphs 14, 57, 59 and 62.

**EXCLUDABLE DELAY**

It is expected that excludable delay may occur under the Speedy Trial Act 18 U.S.C. §3161(h1D) as a result of this motion.

RESPECTFULLY SUBMITTED this 26th day of January, 2018.

MATHEW & ASSOCIATES

By: /s/ *Ivan K. Mathew*
Ivan K. Mathew
Attorneys for *Defendant James Norton*

ORIGINAL e-filed and COPY of the foregoing served via the CM/ECF System or U.S. Mail on January 26, 2018, to:

Elizabeth A. Strange, U.S. District Attorney
Frederick A. Battista, Assistant U.S. Attorney
Frank T. Galati, Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Ste. 1200
Phoenix, Arizona 85004

Patricia A. Gitre
Patricia A. Gitre, P.L.C.
801 N 1st Avenue
Phoenix, AZ 85003
Attorneys for *Defendant Gary L. Pierce*

Woodrow Thompson
Hannah H. Porter
Gallagher & Kennedy, P.A.
2727 East Camelback Rd
Phoenix, AZ 85016-9225
Attorneys for *Defendant George H. Johnson*

Ashley D. Adams
Ashley D. Adams, P.L.C.
8245 N. 85th Way
Scottsdale, AZ 85258
Attorneys for *Defendant Sherry A. Pierce*