IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>v.<br><br>Gary Leonard Pierce, *et al.*,<br><br>                Defendants. | CR-17-00713-PHX-JJT (JZB)<br><br>**ORDER** |

At issue is Defendant James Franklin Norton's Motion to Strike Surplusage from Indictment (Doc. 83), to which The United States has filed a Response in opposition (Doc. 84) and in support of which Defendant Norton has filed a Reply (Doc. 86). No co-defendants have joined in or otherwise responded to the Motion.

The Court will deny Defendant's Motion as moot; the United States correctly points out that the practice of this District Court is neither to read nor provide the Indictment to the jury; instead the Court provides a summary of the charges and the defendants' denials thereof during preliminary instructions and then more detailed descriptions of the charge elements among the final jury instructions. As the jury will not be exposed to the Indictment, Defendant Norton's claims of "prejudicial allegations unrelated to the charged crimes" are moot.

In the alternative, the Court will deny the Motion as unripe, as no party has sought publication of the Indictment to the jury, and even if such a request was made, the Court

could not decide the issue until the Court had the opportunity to consider the language in light of the evidence as presented at trial.

Finally, the Court notes that even on the merits, the Motion is not well taken. Defendant Norton argues that the material he seeks to strike from the Indictment is neither relevant nor material to the conspiracy charge against him because it relates information or acts that occurred more than five years before the date of the Indictment. Accordingly, Defendant argues, the information or acts so described are beyond the statute of limitations. This argument, in which Defendant repeatedly references "time barred activities" that must be stricken "so the defendant does not have to defend against them," is simply not credible, and is not supported in law.

A statute of limitations prohibits the prosecution of offenses outside the limitations period, but it does not preclude either allegation or proof of facts—whenever they occurred—that are germane to the commission of a criminal offense within the limitations period. And while some offenses involve discrete acts that are therefore binary, in that they either do or do not occur within the applicable limitations period, other offenses—such as conspiracy—are or may be by their nature continuing offenses, some part of which may occur outside the applicable limitations period and some part of which falls within it. *See, e.g., United States v. Wilbur*, 674 F.3d 1160, 1176 (9th Cir. 2012)("Actions that cannot be prosecuted because of the statute of limitations can be considered as part of an ongoing conspiracy so long as one overt act in furtherance of the conspiracy occurred during the limitations period.")(citing *United States v. Fuchs*, 218 F.3d 957, 961 (9th Cir.2000)); *United States v. Holden*, 806 F.3d 1227, 1232 (9th Cir. 2015)(holding that the government may charge a continuing offense "even when several acts in furtherance of the scheme fall outside the statute of limitations.")

The United States gets to identify the theory of its own case, and it has put Defendants on notice of that theory, as it is required to do, which theory encompasses facts and acts that may have occurred outside the limitations period. A defendant may not exercise cognitive dissonance to reshape that theory, or to obliterate those facts or acts absent a showing that they are not materially related to the charged conspiracy.

- 2 -

IT IS ORDERED denying Defendant Norton's Motion to Strike Surplusage from Indictment (Doc. 83).

Dated this 14th day of February, 2018.

_____
Honorable John J. Tuchi
United States District Judge