IVAN K. MATHEW (SBN 011610)
SUSAN TURNER MATHEW (SBN: 012916)
**MATHEW & ASSOCIATES**
6245 N. 24th Parkway, Suite 207
Phoenix, Arizona 85016
Telephone: (602) 254-8088
ikmathew@mathewlaw.com
satmathew@mathewlaw.com

Attorneys for Defendant *James Norton*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>James Franklin Norton, *et al.*,<br><br>　　　　　　　Defendants. | No. CR-17-00713-PHX-JJT (JZB)<br><br>**DEFENDANTS' JOINT MOTION TO DISMISS INDICTMENT COUNT TWO – DUPLICITY**<br><br>(Assigned to the Hon. John J. Tuchi)<br><br>(*Oral argument requested*) |

Defendants, represented by undersigned counsel, respectfully request this Court to dismiss Count 2 of Indictment, Federal Program Bribery, as it is duplicitous. Count 2 involves compensation paid to Sherry Pierce, an independent political contractor, as a crime. Indictment, Doc. 1, ¶ 57. Count 2 also involves an email about a real estate transaction as a crime. *Id*. The real estate transaction never took place and even the government references the real estate transaction as "possible." Indictment, ¶¶ 35 and 36.

"Duplicity is the joining in a single count of two or more distinct and separate offenses." *United States v. Aguilar*, 756 F.2d 1418, 1420 n. 2 (9th Cir. 1985) ("The joining in a single count of two or more distinct offenses is termed 'duplicity.'"). Charging two offenses in a single count of an indictment is contrary to Fed. R. Crim. Proc. Rule 8(a), which provides that an indictment may charge a defendant "in separate counts" with two or more

1

offenses. *Aguilar*, *supra*, 756 F.2d at 1420 n.2.

The test for determining duplicity is "'whether identical evidence will support each of them, and if any dissimilar facts must be proved;'" if so, "'there is more than one offense.'" *United States v. Bonds*, No. C 07-732 SI, 2008 U.S. Dist. Lexis 28934, 3 (N.D. Cal. 2008) (citations omitted). In reviewing the indictment to determine whether duplicity exists, the court's task is limited to assessing whether the indictment can be read to charge only one violation in each count. *United States v. French*, Nos. Cr-13-6051-RHW-2, 2014 U.S. Dist. Lexis 151319, 17 (E.D. Wash. Oct. 24, 2014) (citing *United States v. Yarbrough*, 852 P.2d 1522, 1530 (9th Cir. 1988)).

Duplicity violates a "defendant's Sixth Amendment right to knowledge of the charges against him, since conviction on a duplicitous count could be obtained without a unanimous verdict as to each of the offense contained in the count." *Id*. Duplicity may further violate a "defendant's Fifth Amendment protection against double jeopardy because a lack of clarity concerning the offense for which [a defendant] is charge or convicted." *Aguilar*, *supra*, 756 F.2d at 1420 n.2 (citing *Abney v. United States*, 431 U.S. 651, 654 (1977)). Additionally, "'[d]uplicity may also give rise to problems regarding the admissibility of evidence including its admissibility against one or more codefendants.'" *United States v. Saunders*, 641 F.2d 659, 665 (9th Cir. 1980).

When a count is duplicitous the court must order the government to dismiss the count or elect which transaction to proceed on for trial, provided the defendant is not prejudiced thereby and the election does not alter the nature of the charge, or the court may instruct the jury that all members are required "'to agree as to which of the distinct charges the defendant actually committed.'" *United States v. Grace*, 429 F. Supp. 2d 1207, 1219 (D. Mont. 2006) (citing *Aguilar*, *supra*, 756 F.2d at 1423 and *Ramirez-Martinez*, 273 F.3d 903, 915 (9th Cir. 2001), *overruled in part on other grounds*, *United States v. Lopez*, 484 F.3d 1186 (9th Cir. 2007)).

Count Two, ¶ 57 of the Indictment states:

From in or about August 2011 to in or about February 2013, in

>the District of Arizona and elsewhere, defendant GARY LEONARD PIERCE, being an agent of the ACC, a political subdivision within the State of Arizona, which received benefits of $10,000 in the one-year period from in or about January 2011 to in or about December 2011, and received benefits of $10,000 in the one-year period from in or about January 2012 to in or about December 2012, from federal programs involving a grant, contract, subsidy, loan, guarantee, insurance and other forms of federal assistance, did corruptly solicit, demand, accept, and agree to accept something of value intending to be influenced and rewarded in connection with the business, transaction, and series of transactions of such state government involving something of value of $5,000 or more: namely, defendant GARY LEONARD PIERCE, knowingly and willfully, solicited, accepted and agreed to accept money, ultimately totaling $31,500, **and** solicited real property valued at approximately $350,000, from defendant JAMES FRANKLIN NORTON, a retained lobbyist for Johnson Utilities, LLC, intending to be influenced and rewarded in connection with matters Johnson Utilities, LLC, had pending before the ACC, including allowing defendant GEORGE HARRY JOHNSON's personal income tax expenses to be reimbursed, and paid for, by payments made by the Utility's customers, and allowing a significant increase in Johnson Utilities, LLC's wastewater division's revenues through a rate base increase, and defendants GEORGE HARRY JOHNSON, JAMES FRANKLIN NORTON and SHERRY ANN PIERCE did knowingly and intentionally aid the commission of the offense by routing payments and acting as a conduit of the money to defendant GARY FRANKLIN PIERCE in order to hide the true nature and purpose of the payment of the money. All in violation of Title 18, United States Code, Sections 666(a)(1)(B).

Doc. 1 (emphasis added). This paragraph has two separate acts in one: One a for real estate transaction that did not occur; the second for compensation of money paid to Sherry Pierce. Accordingly, it is duplicitous.

The transactions alleged in Count 2 are distinct and separate. The compensation received by Sherry Pierce is for work that she did pursuant to a written independent contractor agreement with Kelly Norton's company, KNB. The real estate email was merely an unsigned letter of intent (LOI) that was unrelated to the independent contractor agreement. It had nothing to do with Sherry Pierce. There was nothing linking the hiring of Sherry Pierce to any acts pertaining to the Arizona Corporation Commission. The real estate transaction is not linked to any *quid pro quo*. *See Citizens United v. Federal Election Com'n,* 558 US 310, 130 S. Ct. 876, 175 (2010). A *quid pro quo* is needed to sustain a crime of bribery. *Id.* at 558

U.S. at 359. Indeed, in the Indictment the phantom real estate transaction is referred to even by the government as "possible." *See* Indictment Doc. 1, ¶¶ 35-36.

18 U.S.C. § 666 provides, in relevant part, that:

> **(a)** Whoever, if the circumstance described in subsection (b) of this section exists--
>
> > **(1)** being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof--
> >
> > > **(A)** embezzles, steals, obtains by fraud, or otherwise without authority knowingly converts to the use of any person other than the rightful owner or intentionally misapplies, property that--
> > >
> > > > **(i)** is valued at $ 5,000 or more, and
> > > >
> > > > **(ii)** is owned by, or is under the care, custody, or control of such organization, government, or agency; or
> > >
> > > **(B)** corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving any thing of value of $ 5,000 or more; or
> >
> > **(2)** corruptly gives, offers, or agrees to give anything of value to any person, with intent to influence or reward an agent of an organization or of a State, local or Indian tribal government, or any agency thereof, in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $ 5,000 or more

Section 666, however, "does not apply to bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the usual course of business." 18 U.S.C. 666(c).

Accordingly, because Count 2 states two distinct and separate offenses, one of which is payment of legal compensation and the other relating to an alleged real estate transaction that did not occur, it is respectfully requested that Count 2 of the Indictment be dismissed as

it is duplicitous. Alternatively, the government is requested to elect the charge on which it seeks to go to trial.

### Conclusion

Count 2 of the Indictment is duplicitous, which is prohibited by law.  The government is requested to either dismiss Count Two or to elect which crime it chooses to proceed to trial with against Defendants.

### EXCLUDABLE DELAY

It is expected that excludable delay may occur under the Speedy Trial Act 18 U.S.C. § 3161(h1D) as a result of this motion.

RESPECTFULLY SUBMITTED this 26th day of March, 2018.

MATHEW & ASSOCIATES

By: /s/ Ivan K. Mathew
Ivan K. Mathew
Attorneys for *Defendant James Norton*

By: /s/ Woody Thompson  *(w/permission)*
Woody Thompson
Hannah H. Porter
Attorneys for *Defendant George H. Johnson*

By: /s/ Ashley D. Adams  *(w/permission)*
Ashley D. Adams
Attorneys for *Defendant Sherry A. Pierce*

By: /s/ Patricia A. Gitre  *(w/permission)*
Patricia A. Gitre
Attorneys for *Defendant Gary L. Pierce*

ORIGINAL e-filed and COPY of the foregoing served via the CM/ECF System or U.S. Mail on March 26, 2018, to:

Frederick A. Battista, Assistant U.S. Attorney
Frank T. Galati, Assistant U.S. Attorney
Two Renaissance Square

1  40 N. Central Ave., Ste. 1200
   Phoenix, Arizona 85004
2
3  Patricia A. Gitre
   Patricia A. Gitre, P.L.C.
4  801 N 1st Avenue
   Phoenix, AZ 85003
5  Attorneys for *Defendant Gary L. Pierce*

6
   Woodrow Thompson
7  Hannah H. Porter
   Gallagher & Kennedy, P.A.
8  2727 East Camelback Rd
   Phoenix, AZ 85016-9225
9  Attorneys for *Defendant George H. Johnson*

10
   Ashley D. Adams
11 Ashley D. Adams, P.L.C.
   8245 N. 85th Way
12 Scottsdale, AZ 85258
13 Attorneys for *Defendant Sherry A. Pierce*

14

15 /s/ DD Waldron