IVAN K. MATHEW (SBN 011610)
SUSAN TURNER MATHEW (SBN: 012916)
**MATHEW & ASSOCIATES**
6245 N. 24th Parkway, Suite 207
Phoenix, Arizona 85016
Telephone: (602) 254-8088
ikmathew@mathewlaw.com
satmathew@mathewlaw.com

Attorneys for Defendant *James Norton*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-17-00713-PHX-JJT (JZB) |
| Plaintiff, | |
| v. | **DEFENDANT JAMES NORTON'S MOTION IN LIMINE #4: MOTION TO PREDCLUDE GOVERNMENT'S USE OF PHONE TOLL RECORDS AND SUMMARY CHARTS** |
| James Franklin Norton, *et al.*, | |
| Defendants. | (Oral Argument Requested) |
| | (Assigned to the Hon. John J. Tuchi) |

Defendant James Norton, represented by Ivan K. Mathew, and joined by counsel for Defendants Pierce and Johnson, respectfully requests that the Court preclude the government from using inadmissible summary charts. Charts that include information from unidentified sources, additional information not contained in the original records, and that were compiled from information which would not be admissible in evidence are inadmissible at trial. FRE 801, 802, 401, 402 and 403. This motion is based on the attached memorandum and exhibits incorporated herein by this reference.

**FRE 1006 SUMMARY CHARTS**

Under Rule 1006, summary charts may be used to summarize voluminous information; however, the Ninth Circuit has laid down stringent rules which the defendants

1

respectfully submit are likely to be violated by the Government. Federal Rule of Evidence Rule 1006 provides:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

**THREE CLASSES OF SUMMARY EVIDENCE**

There are three classes of summary evidence: (1) "primary evidence summaries," which summarize "voluminous writings, records, or photographs" that cannot be conveniently examined in court. *United States v. Bray,* 139 F.3d 1104, 1112 (6th Cir. 1998). For this class, the summary may be the evidence to be considered by the factfinder. *Id.* (2) "Pedagogical summaries or illustrations, such as chalkboard drawings, graphs, calculations or listings of data taken from . . . documents in evidence." *Id.* For this class, the summaries are *not* admitted into evidence under FRE 611(a) evidence, but only illustrative aids. *Id.* (emphasis added). (3) "Secondary evidence summaries," a combination of the above, but that are not prepared "entirely in compliance with Rule 1006." *Id.* In the "*unusual* instance" [emphasis in the original] that these summaries are admitted, "the jury should be instructed that the summary is *only as valid and reliable as the underlying evidence it summarizes.*" *Id.* (emphasis added).[1]

**BURDEN TO ESTABLISH ADMISSIBILITY**

---

[1] "While charts and summaries may be admitted as substantive evidence under FRE 1006 in lieu of the underlying records, "charts or summaries of testimony or documents already admitted into evidence are merely pedagogical (educational) devices and are not evidence themselves." *United States v. Wood,* 943 F.2d 1048, 1053 (9th Cir. 1991). *United States v. Bundy,* No. 216CR00046GMNPAL, 2017 WL 549593, at *2 (D. Nev. Feb. 8, 2017). "[S]uch pedagogical devices should be used only as a testimonial aid and should not be admitted into evidence." *Wood*, *Id*. (citations omitted). *San Francisco Baykeeper v. W. Bay Sanitary* Dist., 791 F. Supp. 2d 719, 742 (N.D. Cal. 2011). Examples of a "pedagogical device" means an "illustrative aid such as information presented on a chalkboard, flip chart, or drawing, and the like." *United States v. Bray*, 139 F.3d 1104, 1111 (6th Cir. 1998).

It is well established that FRE 1006 is an exception to the best evidence rule. *See U.S. v. Weaver,* 281 F.3d 228, 232 (C.A.D.C. 2002). The purpose of FRE 1006 is "to allow the use of summaries when the volume of documents being summarized is so large as to make their use impracticable or impossible; summaries may also prove more meaningful to the judge and jury." *U.S. v. Johnson,* 594 F.2d 1253, 1255 (9th Cir. 1979). See *U.S. v. Gardner*, 611 F.2d 770, 776 (9th Cir. 1980).

The burden is on the proffering party to show that the summary is admissible. *Amarel v. Connell,* 102 F.3d 1494 (9th Cir.1996). Admissibility hinges on two criteria: the government must establish that all the underlying materials on which the charts are based are admissible in evidence and that all underlying materials were made readily available to defendants for inspection. *Id.* at 1516. *See also Avila v. Willits Envtl. Remediation Tr., No. C 99-3941 SI, 2009 WL 1813125, at *3*1 (N.D. Cal. June 18, 2009), aff'd, 633 F.3d 828 (9th Cir. 2011). The availability requirement ensures that the opposing party has 'an opportunity to verify the reliability and accuracy of the summary prior to trial. *Paddock v. Dave Christensen, Inc.*, 745 F.2d 1254, 1260-61 (9th Cir. 1984). "It is especially important to insure that the summary *rests entirely* upon admissible evidence." *Id.* at 1260 (emphasis in original). *See also, United States v. Miller*, 771 F.2d 1219, 1238 (9th Cir.1985) ("Where a party fails to make available materials underlying a summary exhibit, that summary exhibit is inadmissible.").

"FRE 1006 should not be used as a back-door vehicle for introduction of evidence which is otherwise inadmissible." *Sims v. Lakeside Sch., No. C06-1412RSM*, 2008 U.S.Dist. Lexis 4140, 2008 WL 189674 (W.D. Wash. Jan. 17, 2008)*, citing Peat, Inc. v. Vanguard Research, Inc.*, 378 F.3d, 1154, 1160 (11th Cir.2004). *Sims* also cites to *U.S. v. Scales*, 594 F.2d 558, 562 (6th Cir.1979) for the proposition that "the summary or chart must be accurate, authentic, and properly introduced before it may be admitted into evidence." *Sims* at *20. An argument that a summary is "[e]asier to read does not meet the requirements of FRE 1006." *States v. Seleznev,* No. CR11-0070RAJ, 2016 U.S. Dist. Lexis 102848, *7, 2016 WL 4140951 (W.D. Wash. Aug. 4, 2016);

"While FRE 1006 permits the tabulation of voluminous writings, charts submitted under that section still require foundation and may not contain additional legal argument, legal conclusions or hearsay." *Cherry v. City Coll. of San Francisco,* No. C 04-04981 WHA, 2006 U.S. Dist. Lexis 98661 at *32, 2006 WL 6602454, at *11 (N.D. Cal. Jan. 12, 2006).

In particular, charts may not contain summaries of testimony, legal arguments, opinions, legal conclusions or hearsay (not otherwise excepted by rule) and should specifically not use prejudicial terms. The Ninth Circuit is clear about the use of prejudicial language in summary charts.

> "Whenever possible, such charts should be confined in their preparation to strictly mathematical computations, subject to detailed explanation upon the trial by the testimony of expert government witnesses, and they should not be encumbered by such impressive, conclusionary captions as 'Overstatement of Merchandise Purchases'…, 'Unreported Cash Receipts of Lloyd's Bakery', 'Unreported and Undeposited Cash Receipts Invested in United States Savings Bonds … such as were used on the Government charts here in dispute. While a prosecution witness may testify as to such conclusions from his mathematical computations, we think the danger in permitting the unrestricted use of such phrases upon charts results from a jury's natural tendency to accept such unsworn, conclusionary verbiage as authentic, primary proof, instead of purely in summarization and explanation of sworn testimony or authenticated documentary evidence. *Lloyd v. United States,* 226 F.2d 9, 17 (5th Cir. 1955) cited by *United States v. Abbas*, 504 F.2d 123, 124–25 (9th Cir. 1974) *Id.* at 17.

Summary of purely testimonial evidence is, strictly speaking, not within the purview of FRE 1006; the purpose of the summary is to aid the fact-finder in its examination of evidence already admitted. *Sims,* 2008 U.S. Dist. Lexis 4140 at *20. Courts routinely refuse to admit summary charts that impermissibly reflect opinion or argument. See United States v. Evans, 910 F.2d 790, 803–04 (11th Cir. 1990), aff'd, 504 U.S. 255, 112 S. Ct. 1881, 119 L. Ed. 2d 57 (1992) (upholding trial court's refusal to admit summary charts that had headings which impermissibly reflected expert's opinion as to the content).

As noted by the Fifth Circuit, because "summaries are elevated under Rule 1006 to the position of evidence, care must be taken to omit argumentative matter in their preparation." *United States v. Smyth*, 556 F.2d 1179, 1184 n. 12 (5th Cir. 1977). Accordingly,

a summary document must be "accurate and nonprejudicial," meaning that the document summarizes the underlying information "accurately, correctly, and in a nonmisleading manner. Nothing should be lost in the translation." *United States v. Bray*, 139 F.3d at 1110. Moreover, the summaries should "not be embellished by or annotated with the conclusions of or inferences drawn by the proponent, whether in the form of labels, captions, highlighting techniques, or otherwise." *Id.*

"A chart which for any reason presents an unfair picture can be a potent weapon for harm and permitting the jury to consider it is error." *United States v. Conlin*, 551 F.2d 534, 539 (2d Cir. 1977); cf. *United States v. Citron*, 783 F.2d 307, 318 (2d Cir. 1986) (improper admission of summary chart was not harmless error).

**THE GOVERNMENT'S "SUMMARIES" OF AT&T TOLL RECORDS ARE INACCURATE, HEARSAY, IRRELEVANT AND PREJUDICIAL**

The government has listed 54 summary charts, 25 of which are summary charts relating to AT&T phone records subpoenaed for subscribers Prime Investments Inc, R& R Partners. The AT&T original records show Gary Pierce as a user for XXX-6393 and James Norton as a user for XXX-4903 for R&R Partners.[2]

For Exhibits 19 and 19-1, the government does not list the original AT&T records provided by the custodian of records but instead cites to its in-house FBI analyst's versions of these records. The government seeks to introduce its version of "combined" toll records (Exhibits 19 and 19-1) and listed as an FBI created "integrated" contact toll report for Pierce (Exhibit 19-21) and "integrated" contact toll report for Norton (Ex. 19-22) excel (called "contact reports") or the above phone numbers. The FBI also added a column to show the time of the call converted from UTC time as contained in the original AT&T toll records, and a column for identification of the other party they believe conversed, called or received a call from Gary Pierce or Jim Norton.[3] As part of its analysis the FBI "queried" for certain

---

[2] Government's disclosure 172 and 173 AT&T phone records and reports with a 902(11) certification.

[3] Mountain Standard Time: subtract 7 hours from UTC. Standard time within most time zones is an integral number of hours offset from a time scale called Coordinated Universal

numbers contained in records and assigned the other alleged party to the toll record calls. *See* Exhibit 1 Bate Pierce_Other_011757, 001408 and 0121755 for the list of names the FBI internally assigned to numbers contained in the AT&T toll records. These summaries are inaccurate. Defendants did not have time to review each and every summary chart, but many show that some of the alleged contacts are duplicates for the same time, number, date, etc.

For Exhibit 19-2 through 19-24, the FBI then created spreadsheets from its combined contact reports for Norton and Pierce for summaries of toll call between Pierce, Norton and other named contacts without receiving or reviewing the other named contacts phone records. *See* Exhibit 2 government exhibit list for Exhibits 19 through 19-24. The alleged contact summary charts include the names of the individuals whom the government speculates were on the other end of the conversations. However, those named individuals have not been identified as co-conspirators or even witnesses in this case.[4] Even if some or all of the individuals are witnesses, the government is prohibited from representing via a summary chart that Mr. Norton or Mr. Pierce spoke to the person the FBI conjectures answered the phone absent production of certified toll records for each and every named contact. The unsubstantiated speculation is rank hearsay, FRE 801 not admissible under any exception or exclusion. FRE 803-804. In addition to the hearsay defect, the government cannot, or will not, explain the relevance of these deficient toll records charts.

Defendants asked the government to identify what each FBI agent would testify to about these summary charts. The government responded: "A summary witness will only lay foundation for the calls and identities of the callers. One of the case agents will discuss who the callers are and elaborate on the relevance on the contacts among the callers." While the government added the proviso "[t]here won't be any speculation by an agent as to why the calls were made, it failed to explain how an agent can "elaborate" on contacts between callers

---

Time (abbreviated UTC), maintained by a large number of very precise "atomic clocks" at laboratories around the world, including the U.S. Naval Observatory. UTC is a successor to Greenwich Meridian Time (GMT), although their exact definitions differ, and although GMT is no longer used within the worldwide community of scientists.

[4] On April 30, 2018 the government disclosed a report from FBI Agent Mary Beth Fox in which she identified her "sources" to name the identities of the contacts for the summary chart. That information is rank hearsay, FRE 801 not covered by an exception or exclusion. FRE 803-804.

6

based on inadmissible evidence. Without knowledge of actual participants in the phone call, not just telephone numbers, and a witness to testify to the specifics of that phone call, the mere fact that calls were made is irrelevant and especially unhelpful for calls between spouses.

Further, without any substantiating evidence, the government apparently intends to ask the jury to speculate that the phone calls during the alleged conspiracy between Pierce, Norton and others were improper and thus part of a bribery conspiracy. The government was unsuccessful on this same issue in *United States v. Menendez*, 2018 U.S. Dist. Lexis 11737, 2018 WL 526746 (D. New Jersey, January 24, 2018) when the United District Court considered the Defendants' Motion for Acquittal. The District Court found that there was evidence in that trial that certain individuals spoke on the phone but there was no evidence *about what the was discussed* during those phone calls. *Id.* at Lexis *41-42. Absent evidence of what was discussed during telephone calls, jurors could only – improperly – speculate about what was discussed or stated. *Id.* at * 42.

It is not appropriate for the government to ask jurors to speculate. It is not appropriate for the government to attempt to present inadmissible summary evidence. The Ninth Circuit has made the appropriate standards clear and indisputable. The U.S. Supreme Court admonished trial courts to be wary of situations in which figures, computations, and charts acquire "an existence of their own, independent of the evidence which gave rise to them." *Holland v. United States,* 348 U.S. 121, 128 (1954). A trial court is charged with grave responsibilities in such instance to insure that an accused is not unjustly convicted in a 'trial by charts,' however impressive the array produced. *Id* at 125.

No excludable delay is expected to occur under the Speedy Trial Act 18 U.S.C. § 3161(h)(1)(D) as a result of this motion.

RESPECTFULLY SUBMITTED this 20th day of April, 2018.

MATHEW & ASSOCIATES

By: /s/ Susan Turner Mathew
Susan Turner Mathew
Attorneys for *Defendant James Norton*
PATRICIA A. GITRE, P.L.C.

|   |                                                                 |
|---|-----------------------------------------------------------------|
|   | By: /s/ Patricia A. Gitre *(w/permission)*                      |
|   |     Patricia A. Gitre                       |
|   |     Attorney for *Defendant Gary L. Pierce* |

GALLAGHER & KENNEDY, P.A.

By: /s/ Woody Thompson *(w/permission)*
    Woody Thompson
    Jay S. Volquardsen
    Hannah H. Porter
    Attorneys for *Defendant George H. Johnson*

ASHLEY D. ADAMS, P.L.C.

By: /s/ Ashley D. Adams *(w/permission)*
    Ashley D. Adams
    Attorney for *Defendant Sherry A. Pierce*

ORIGINAL e-filed and COPY of the foregoing served via the CM/ECF System or U.S. Mail on April 20, 2018, to:

Elizabeth A. Strange, U.S. District Attorney
Frederick A. Battista, Assistant U.S. Attorney
Frank T. Galati, Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Ste. 1200
Phoenix, Arizona 85004

Patricia A. Gitre
Patricia A. Gitre, P.L.C.
801 N 1st Avenue
Phoenix, AZ 85003
Attorney for *Defendant Gary L. Pierce*

Woodrow Thompson
Jay S. Volquardsen
Hannah H. Porter
Gallagher & Kennedy, P.A.
2727 East Camelback Rd
Phoenix, AZ 85016-9225

Attorneys for *Defendant George H. Johnson*

Ashley D. Adams
Ashley D. Adams, P.L.C.
8245 N. 85th Way
Scottsdale, AZ 85258
Attorney for *Defendant Sherry A. Pierce*

*/s/Susan Turner Mathew*