IVAN K. MATHEW (SBN 011610)
SUSAN TURNER MATHEW (SBN 012916)
**MATHEW & ASSOCIATES**
6245 N. 24th Parkway, Suite 207
Phoenix, Arizona 85016
Telephone: (602) 254-8088
ikmathew@mathewlaw.com
satmathew@mathewlaw.com

Attorneys for Defendant *James Norton*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>             Plaintiff,<br><br>   v.<br><br>James Franklin Norton, *et al.*,<br><br>             Defendants. | No. CR-17-00713-PHX-JJT (JZB)<br><br>**REPLY IN SUPPORT OF MARITAL PRIVILEGE**<br><br>**[Docs. 102 124, & 125]**<br><br>(Assigned to the Hon. John J. Tuchi) |

The government agrees that there are two different transactions: A Mesa real estate email and payments to Sherry Pierce. Response at 5, 7 (Doc. 125). The government does not dispute the fact that before a marital privilege exception can apply both spouses must be participants in the criminal activity. The government does not dispute that the martial privilege applies to confidential acts between spouses. Response at 8. (Doc. 125). Further, the government did not dispute that despite being aware of application of the marital privilege it sought to seek a waiver of Mr. Norton's marital communication privilege from the wife's lawyer. Finally, the government did not deny that Jim Norton, Sherry Pierce, and/or Kelly Norton did not participate in the Mesa land email. Response at 9 (Doc. 125).

Although the government's Response relies on *United States v. Escalante*, 637 F.2d 1197, 1200 (9th Cir. 1980), and *United States v. Montgomery*, 150 F.3d 983, 998 (9th Cir. 1998), neither case involves the marital privilege. In addition, *Montgomery* is especially not helpful to the government because in that case two different conspiracies were charged in two different counts. *Montgomery* cited *United States v. Guzman*, 852 F.2d 1117 (9th Cir. 1988) (two conspiracies have overlapping members; conspiracy to distribute cocaine differs from conspiracy to manufacture cocaine) and *United States v. Stoddard*, 111 F.3d 1450 (9th Cir. 1997) (two conspiracies when one goal is purchase of marijuana and the other one is growth sale and distribution of marijuana). To overcome the marital privilege, both spouses must participate in the same conspiracy.

It is submitted that the government will be unable to show any relation between the real estate email for a car lot and making payments to Sherry Pierce to help with political and governance issues in the East Valley. The car lot email is an unrelated and unforeseeable transaction. Assuming, *arguendo*, the government can show a conspiracy to make payments to Sherry Pierce on a monthly basis for seven months, it is not foreseeable that the alleged participants in this activity would be able to foresee an email for the purchase of a car lot in Mesa. *See United States v. Beckman*, 787 F.3d 466, 494, (8th Cir. 2015) (explaining that for purposes of conspiracy, foreseeability is based on the scope of the individual defendant's commitment to the conspiracy and the defendant's vantage point).

Contrary to the government's arguments, Kelly Norton's mere involvement in one transaction does not show that she was a criminal participant in a criminal conspiracy in which Jim Norton, Sherry Pierce, and George Johnson were not. Mr. Pierce cannot conspire

with himself on the land deal.  More is required.  The husband and wife must both be participants in the criminal activity to overcome the marital privilege protection.

Furthermore, the allegations in an indictment do not form the basis for the waiver of the marital privilege.  An indictment is not evidence of anything.  The government has a long road to hoe to show the waiver of the marital privilege as to a nonexistence real estate transaction, as well as payments unconnected to identifiable official acts.

It does not appear that the parties have any disputes as to the scope of the marital privilege.  The government argues that it will lay the foundation to overcome the marital privilege at trial.  In the meantime, the government has agreed that it will not raise the issue of any communications between Jim Norton and Kelly Norton at trial prior to a ruling of this Court as to whether an exception to the marital privilege applies.

RESPECTFULLY SUBMITTED this 23rd day of April, 2018.

MATHEW & ASSOCIATES

By: /s/ Ivan K. Mathew
    Ivan K. Mathew
    Attorneys for *Defendant James Norton*

PATRICIA A. GITRE, P.L.C.

By: /s/ Patricia A. Gitre *(w/permission)*
    Patricia A. Gitre
    Attorneys for Defendant *Gary L. Pierce*

GALLAGHER & KENNEDY, P.A.

By: /s/ Woody Thompson *(w/permission)*
    Woody Thompson
    Jay S. Volquardsen
    Hannah H. Porter

3

Attorneys for *Defendant George H. Johnson*

ASHLEY D. ADAMS, P.L.C.


By: /s/ Ashley D. Adams *(w/permission)*
      Ashley D. Adams
      Attorneys for *Defendant Sherry A. Pierce*


ORIGINAL e-filed and COPY of the foregoing
served via the CM/ECF System or U.S. Mail on
April 23, 2018, to:

Elizabeth A. Strange, U.S. District Attorney
Frederick A. Battista, Assistant U.S. Attorney
Frank T. Galati, Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona 85004

Patricia A. Gitre
Patricia A. Gitre, P.L.C.
801 N 1st Avenue
Phoenix, AZ 85003
Attorneys for *Defendant Gary L. Pierce*

Woodrow Thompson
Jay S. Volquardsen
Hannah H. Porter
Gallagher & Kennedy, P.A.
2727 East Camelback Rd
Phoenix, AZ 85016-9225
Attorneys for *Defendant George H. Johnson*

Ashley D. Adams
Ashley D. Adams, P.L.C.
8245 N. 85th Way
Scottsdale, AZ 85258
Attorneys for *Defendant Sherry A. Pierce*

*/s/ DD Waldron*