ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
FREDERICK A. BATTISTA
Assistant U.S. Attorney
Maryland State Bar Member
Email: Fred.Battista@usdoj.gov
FRANK T. GALATI
Assistant U.S. Attorney
Arizona State Bar No. 003404
Email: Frank.Galati@usdoj.gov
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona  85004
Telephone: 602-514-7500
*Attorneys for the United States*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-17-00713-PHX-JJT (JZB) |
| Plaintiff, | **REPLY TO DEFENDANTS' RESPONSE GOVERNMENT'S SUPPLEMENTAL AUTHORITY FOR JURY INSTRUCTIONS REGARDING 18 U.S.C. § 666**<br>**[Doc. 332]** |
| v. | |
| Gary Leonard Pierce, et al., | |
| Defendants. | |

The Court and counsel met on June 25, 2018 to discuss the proposed jury instructions. Prior to that conference, the United States submitted supplemental authority for proposed instructions regarding count 2, the Federal Programs Bribery charge. (Docs. 332 and 337). Defendants filed a response. (Doc. 339). While the Court has yet to finally adopt any of the instructions that were discussed, it did state that it accepted defendants' positions on the 18 U.S.C. § 666(c) exception.

The United States files this reply in advance of the Court's final determination of the jury instructions to amplify its position that the Court should not instruct the jury that the Government must prove that "the monies paid to Mrs. Pierce was not a *bona fide* salary, wages, fees, or other compensation paid, or related to expenses incurred in the usual course

of business." This instruction is legally incorrect because the § 666(c) exception is only applicable to *bona fide* salary paid in "the usual course of business" of "an organization, a state, local or tribal government, or an agency of a state, local or tribal government [that receives the requisite amount of federal funds]." 18 U.S.C. § 666(a) (1) and (b). In this case, that organization or agency is the Arizona Corporation Commission (ACC).

In its initial filing of supplemental authority (Doc. 332), the United States asserted that "§ 666(c) applies only to payments made directly to the public official." (Doc. 332 at 2.) This assertion was too narrow, for while Gary Pierce is a "public official," the term does not appear anywhere in 18 U.S.C. § 666. The more precise assertion is that *bona fide* salary paid to "an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof" is an exception under § 666(c).

In this case, Gary Pierce, in his position as a public official, was the "agent" of the ACC that the exception in § 666(c) was intended to cover. Sherry Pierce, in contrast, had no agency relationship whatsoever with the ACC. Moreover, the funds received by Sherry Pierce were certainly not paid to her in "the usual course of business" of the ACC – the "organization, a state, local or tribal government, or an agency of a state, local or tribal government [that receives the requisite amount of federal funds]."

An examination of case law reveals that only "agents" of the relevant organization or agency have sought "safe harbor" within § 666(c), claiming that the funds paid to them were in the ordinary course of the organization or agency operations. Indeed, each pertinent § 666(c) case cited by both defendants and the Government in our previous briefing involves persons who are agents of, and steal from, a federally funded agency or engage in bribery of an agent of a federally funded agency. No case involves a person who stands in an analogous position to Sherry Pierce: a person with no agency relationship with the ACC. Examples follow:

- <u>City government employees</u>. *United States v. Williams*, 507 F.3d 905 (5th Cir. 2007) involved two city clerks who paid themselves extra paychecks. The defendant claimed that § 666(c) exempted her from prosecution because

"her 'advance' checks were part of her bona fide salary in the usual course of the City's business." *Id.* at 908.[1]

- Local government employee. *United States v. Paul*, 239 Fed. Appx. 353 (9th Cir. 2007) involved a defendant convicted under §666(a)(1)(A) of theft from her employer, a local government receiving federal funds. She claimed the § 666(c) exception, but the court held that she admittedly misappropriated funds in an unauthorized manner.

- Sheriff's office employee. *United States v. Walsh*, 156 F. Supp. 3d 374 (E.D.N.Y. 2016) involved an employee of a sheriff's office which received money under a federal program and other forms of federal assistance. Walsh was indicted for theft of funds and wire fraud, based on allegations that he made false representations to his employer as to the amount of overtime and regular hours he worked. Walsh claimed that § 666(c) was applicable.

- School principal. *United States v. Mann*, 172 F. 3d 50 (6th Cir. 1999) involved Mann's tenure as principal at Chapman Academic Vocational School, which was part of the Covington Independent Public School District. The Government alleged violations of 18 U.S.C. § 666, and charged that Mann "obtained by fraud, and without authority, knowingly converted to his own use, and intentionally misapplied money in excess of $5,000, that was owned by and was under the care, custody, and control of the Covington Independent Public School District, an organization that received in [a] one year period, in excess of $10,000 *under a federal program involving a grant of federal assistance*." *Id.* Mann prevailed on his claim that § 666(c) was applicable.

- State legislator and state university administrator. *United States v. Bryant*, 556 F. Supp. 2d 378 (D.N.J. 2008) involved a New Jersey state legislator and

---

[1] While the opinion does not so state, it appears that the City was a recipient of federal funding.

- 3 -

a dean of a state medical school. Count 7 charged Bryant with solicitation and acceptance of a corrupt thing of value involving an organization receiving federal funds in violation of 18 U.S.C. § 666. Count 8 charged Gallagher with offering and giving a corrupt thing of value involving an organization receiving federal funds in violation of 18 U.S.C. § 666. Finally, Counts 18–20 charged Gallagher with fraud involving an organization receiving federal funds in violation of 18 U.S.C. § 666. Clearly, these two were agents of entities receiving federal funds when they claimed that salary payments at issue were bona fide salary under § 666(c). Their claim was rejected.

- Police officers. *United States v. Harloff*, 815 F. Supp. 618 (W.D.N.Y. 1993) is cited in the *Bryant* case. It involved Rochester police officers who falsified payroll records by claiming that they worked 40-hour weeks when they did not. The Court found that the defendants came within the § 666(c) exception. While it was not an issue in the decision and is not addressed, it is evident that a big city department such as the Rochester Police Department is a recipient of federal funding.

- Employee of government-funded agency. *United States v. Dwyer*, 238 Fed. Appx 631 (1st Cir. 2007) involved a defendant who worked at a government subsidized career development agency. She and other employees conspired to pay agency employees for hours they did not work. Defendant was charged and convicted under § 666(a)(1)(A). Defendant's claim that § 666(c) was applicable to her was rejected.

- Real estate agent for state. *United States v. Lupton,* 620 F. 3d 790 (7th Cir. 2010) involved a defendant convicted of violating § 666(a)(1)(A). Lupton was a real estate broker assigned to facilitate the sale and leaseback of a building owned by the State of Wisconsin. He solicited kickback payments from the broker of a prospective buyer. Importantly, he was found to be an

        agent of the State of Wisconsin and was convicted. He claimed that he was merely engaging in "fee-splitting" and unsuccessfully claimed the protection of § 666(c).

- <u>Sheriff's deputies</u>. *United States v. Mills,* 140 F. 3d 630 (6th Cir. 1998) involved two deputy sheriffs who took bribes to hire others as deputy sheriffs. The salaries paid—by a Sheriff's Office that received federal funding—to those corruptly hired deputies was deemed to be within bona fide salary paid in the ordinary course of the Sheriff's Office's business and, thus, came within the § 666(c) exception.

The current case stands in stark contrast to the cases cited above: it is Gary Pierce, *not* Sherry Pierce, who is the "agent" of the ACC who would fall within the § 666(c) exception for funds he received "in the usual course of business" of the ACC. Because (1) Sherry Pierce is not an "agent" of the ACC and (2) the funds paid to her by George Johnson, through Ms. Norton, were not funds paid by the ACC in the ordinary course of the ACC's business, § 666 is not applicable. Accordingly, the United States respectfully requests that the Court decline to give defendants' requested instruction number 21.

Respectfully submitted this 26th day of June, 2018.

        ELIZABETH A. STRANGE
        First Assistant United States Attorney
        District of Arizona

        s/*Frederick A. Battista*
        FREDERICK A. BATTISTA
        FRANK T. GALATI
        Assistant United States Attorneys

# CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2018, I caused the attached document to be electronically transmitted the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Patricia Ann Gitre, Esq.
*Attorney for defendant Gary Leonard Pierce*

Hannah Hatch Porter, Esq.
Jay Steven Volquardsen, Esq.
Woodrow Charles Thompson, Esq.
*Attorneys for defendant George Harry Johnson*

Ivan Kurian Mathew, Esq.
*Attorney for defendant James Franklin Norton*

Ashley D. Adams, Esq.
*Attorney for defendant Sherry Ann Pierce*

*s/Zachry Stoebe*
Assistant U.S. Attorney
U.S. Attorney's Office